OPINION
{¶ 1} Jewel L. Blakeley appeals from the trial court's entry of final judgment against her and in favor of appellee Velda N. Bledsoe for $2,544.43.
 {¶ 2} In her sole assignment of error, Blakeley contends the trial court erred in overruling her pretrial motion to dismiss the action pursuant to Civ.R. 12(B)(1) and Civ.R. 17(A).
 {¶ 3} The record reflects that Blakeley and Bledsoe are sisters. In June 2002, their elderly father, Johnie, granted Blakeley a general power of attorney. Thereafter, on December 1, 2004, Johnie wrote Bledsoe a check for $2,544.43 to reimburse her for expenses she had incurred on his behalf. The same day, Johnie also signed a notarized statement directing Blakeley to transfer money to his checking account to cover the $2,544.43 check. Blakeley failed to transfer the money, however, and Bledsoe could not cash the check. As a result, Bledsoe sued Blakeley in Montgomery County Court, Area One, seeking damages of $2,544.43.
 {¶ 4} Blakeley responded to the suit by filing a one-page motion to dismiss. Although the record contains no journal entry resolving the motion, the parties agree that the trial court orally overruled it. The matter then proceeded to a bench trial. Based on the evidence presented, the trial court entered judgment in favor of Bledsoe and against Blakeley for $2,544.43 plus interest. No trial transcript has been filed, and the trial court's ruling does not set forth the rationale for its award.
 {¶ 5} On appeal, Blakeley asserts that "the trial court improperly overruled defendant's motion to dismiss pursuant to Ohio Civil [Rule] 12(B)(1) and Civil Rule 17(A)." In support, she asserts that Bledsoe is not the "real party in interest" and that the action should have been brought against their father Johnie.
 {¶ 6} Upon review, we find Blakeley's assignment of error to be unpersuasive. Civil Rule 12(B)(1) provides for dismissal due to lack of subject-matter jurisdiction. Blakeley fails to explain how the trial court lacked jurisdiction over the subject matter in this case, and we find the assertion to be without merit. As for Civ.R. 17(A), it provides that an "action shall be prosecuted in the name of the real party in interest." The rule addresses who may sue rather than who may be sued. See, e.g., 6A Wright, Miller Kane, Federal Practice and Procedure (1990), 320 and 337, Section 1541-1542 (recognizing that the identical language of Fed.R.Civ.P. 17(A) "sets forth the basic principles for determining who may bring an action" and "is limited to plaintiffs"). In the present case, we have no doubt that Bledsoe was the proper plaintiff, and Civ.R. 17(A) does not apply to defendants. Therefore, we find no error in the trial court's denial of Blakeley's motion to dismiss, which she contends was premised on Civ.R. 12(B)(1) and Civ.R. 17(A).
 {¶ 7} Blakeley's assignment of error is overruled, and the judgment of the Montgomery County Court, Area One, is hereby affirmed.
 . . . . . . . . . . .
Grady, P.J., and Donovan, J., concur.